IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00129-MR

SELEE CORPORATION,               )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )     **O R D E R**
                                 )
McDANEL ADVANCED CERAMIC         )
TECHNOLOGIES, LLC,               )
                                 )
          Defendant.             )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to Amend the Scheduling Order to Enlarge the Deadline for Making Expert Disclosures. [Doc. 19]. The Defendant opposes the Plaintiff's Motion. [Doc. 23].

## I.    PROCEDURAL BACKGROUND

The Plaintiff initiated this action against the Defendant on June 30, 2015, asserting claims of trademark infringement, false designation of origin, and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. [Doc. 1]. The Defendant filed an Answer and Counterclaim on July 21, 2015. [Doc. 8]. Issues joined in this case on August 10, 2015, when the Plaintiff filed a Reply to the Defendant's Counterclaim. [Doc. 11].

On August 29, 2015, the Court entered a Pretrial Order and Case Management Plan. [Doc. 15]. Among other things, the Pretrial Order and Case Management Plan set the Plaintiff's expert disclosure deadline for March 1, 2016; the Defendant's expert disclosure deadline for April 1, 2016; the discovery deadline for June 1, 2016; and the dispositive motions deadline for July 1, 2016. [Id.]. The parties subsequently moved jointly for an extension of the discovery and motions deadlines for a period of thirty (30) days, which the Court allowed. [Text-Only Order entered May 16, 2016]. Trial was ultimately scheduled for the first mixed term on or after November 7, 2016. [Notice of Hearing entered Feb. 16, 2016].

The Plaintiff's expert disclosure deadline of March 1, 2016, passed with no designation of any expert by the Plaintiff. Instead, on May 10, 2016, the Plaintiff filed the present motion seeking to extend its expert disclosure deadline to July 1, 2016, to expire contemporaneously with the discovery deadline to which the parties previously had consented. [Doc. 20]. On May 24, 2016, the Defendant filed a Response in opposition to the Plaintiff's motion, citing the lack of diligence by the Plaintiff and the prejudice that would result to the Defendant by such an extension. [Doc. 23]. The Plaintiff filed a Reply on June 2, 2016. [Doc. 24].

Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Modification of deadlines set forth in a case management order is governed by Rule 16(b)(4), which provides that a scheduling order can be modified only upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)).

## III. DISCUSSION

In support of its present motion, the Plaintiff contends that it did not realize that likelihood of confusion would be an issue in this case until it received the Defendant's responses to the Plaintiff's written discovery. [Doc. 20 at 3]. The Plaintiff's prior conduct in this case, however, belies this contention. In its Complaint, the Plaintiff specifically alleges that the Defendant's unauthorized use of the mark-in-suit "causes consumer confusion in violation of . . . 15 U.S.C. § 1114 and § 1125(a)." [Doc. 1 at ¶ 22]. The Complaint also makes several other references to "consumer confusion" allegedly arising from the Defendant's conduct. [Id. at ¶¶ 23, 27, 51]. Such contentions are clearly at issue in this case, as the Defendant denied all such contentions in its Answer. [Doc. 8 at ¶¶ 22, 23, 27, 51].

Further, in the discovery requests it propounded to the Defendant on February 18, 2016, the Plaintiff sought information regarding the likelihood of confusion. [Doc. 23-1 at 12-14 at ¶¶ 18, 24]. The Plaintiff's own allegations and conduct make clear that the Plaintiff and its counsel have been aware since the inception of this lawsuit that the likelihood of confusion is a contested, central issue in this case.

Further, the Plaintiff has failed to show that it acted with any reasonable diligence in conducting discovery in this case or in retaining and disclosing any experts. While the Plaintiff contends that the need for expert testimony did not become apparent until the parties had begun conducting discovery, it must be noted that the Plaintiff did not propound any written discovery in this case until February 18, 2016 -- nearly *six months* after the entry of the Pretrial Order and Case Management Plan and less than two weeks before the expiration of the Plaintiff's expert disclosure deadline. Moreover, the Plaintiff's request for an extension of the expert disclosure deadline was not made until seventy (70) days after the March 1, 2016 deadline to designate the Plaintiff's experts already had expired. The lack of diligence on the part of the Plaintiff warrants the denial of its motion.

In addition, the proposed extension would subject the Defendant to undue prejudice. The Plaintiff proposes to extend its expert disclosure

4

deadline to July 1, 2016, the date that discovery is to close.  Such an extension would deprive the Defendant of any opportunity to depose any expert whom the Plaintiff might designate or to conduct any discovery concerning any issue that such an expert might raise.

For all of these reasons, the Plaintiff's motion is denied.

IV.  **ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to Amend the Scheduling Order to Enlarge the Deadline for Making Expert Disclosures [Doc. 19] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 9, 2016

Martin Reidinger
United States District Judge