# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00129-MR

| | |
|---|---|
| SELEE CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> McDANEL ADVANCED CERAMIC TECHNOLOGIES, LLC, <br><br> Defendant. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Compel [Doc. 28], and the Plaintiff's Motion to Extend the Discovery Deadline for the Limited Purpose of Securing Compliance with a Third-Party Subpoena [Doc. 31]. The Defendant opposes the Plaintiff's Motions. [Docs. 29, 33].

## I. PROCEDURAL BACKGROUND

The Plaintiff initiated this action against the Defendant on June 30, 2015, asserting claims of trademark infringement, false designation of origin, and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. [Doc. 1]. The Defendant filed an Answer and Counterclaim on July 21, 2015. [Doc. 8]. Issues joined in this case on August 10, 2015, when the Plaintiff filed its Answer to the Defendant's Counterclaim. [Doc. 11].

On August 29, 2015, the Court entered a Pretrial Scheduling Order and Case Management Plan. [Doc. 15]. Among other things, the Pretrial Scheduling Order set the discovery deadline for June 1, 2016, and the dispositive motions deadline for July 1, 2016. [Id.]. The parties subsequently moved jointly for an extension of the discovery and motions deadlines for a period of thirty (30) days, which the Court allowed. [Text-Only Order entered May 16, 2016]. Trial was ultimately scheduled for the first mixed term on or after November 7, 2016. [Notice of Hearing entered Feb. 16, 2016].

On June 16, 2016, the Plaintiff filed the instant Motion to Compel [Doc. 28], on July 1, 2016, the Defendant responded in opposition [Doc. 29], and on July 11, 2016, the Plaintiff replied thereto [Doc. 30]. On July 12, 2016, the Plaintiff filed a Motion to Extend the Discovery Deadline [Doc. 31], and the Defendant responded in opposition on July 21, 2016 [Doc. 33].

Having been fully briefed, these matters are now ripe for disposition.

## II. DISCUSSION

### A. Motion to Compel

In its Motion to Compel, the Plaintiff seeks an Order compelling the Defendant to "fully and adequately respond" to Plaintiff's discovery, and for sanctions, including a spoliation instruction, due to the Defendant's alleged failure to preserve, or destruction of, relevant evidence. [Doc. 28]. For

grounds, the Plaintiff alleges that the Defendant has failed to adequately search for and respond to its discovery requests, produce a privilege log, and preserve information related to litigation. [Id.].

As an initial matter, on July 12, 2016, the Plaintiff filed an exhibit with its Motion to Extend the Discovery Deadline, which Plaintiff labeled, "Def.'s Privilege Log," that appears, in fact, to be a privilege log provided to Plaintiff by the Defendant. [Doc. 31-4]. Thus, to the extent that Plaintiff seeks to compel production of a privilege log by the Defendant, that issue is moot.

Additionally, the Plaintiff's request for a spoliation instruction is premature. Before an adverse inference may be drawn from the absence, loss, or destruction of evidence, the Plaintiff must show at trial, among other things, that the missing evidence would have been relevant to an issue, and otherwise would naturally have been introduced into evidence. See Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995). This matter, not yet having reached the trial stage, the Plaintiff's request for a spoliation instruction must be denied as premature.

The only remaining issue related to Plaintiff's Motion to Compel is the Plaintiff's allegation that the Defendant, in failing to search its electronic files, has not "fully and adequately" searched its records and produced documents in its possession that are responsive to the Plaintiff's discovery requests.

3

When a party seeks to compel discovery, it must "demonstrate that the documents they seek to compel do, in fact, exist and are being unlawfully withheld." Alexander v. F.B.I., 194 F.R.D. 305, 311 (D.D.C. 2000). Neither a party's suspicions, nor a paucity of responsive documents, are sufficient grounds for granting a motion to compel. See Id., Bethea v. Comcast, 218 F.R.D. 328, 330 (D.D.C. 2003).

Here, the Plaintiff has met this burden by demonstrating that the Defendant has not even attempted to locate certain responsive documents. In its request for production, the Plaintiff requested from the Defendant, *inter alia*:

> Documents in the possession, custody or control of, or otherwise known to, Defendant and/or its counsel, that refer or relate to the conception, selection, adoption and/or use of the terms "engineered ceramics" in the United States, including all documents relating to the prior use of "engineered ceramics" in the United States by Defendant or any third party.

[Doc. 28-3, #9]. The Plaintiff defined the term "documents" broadly to include "things and electronic data."[1] [Id. at 4-5]. Pursuant to this request, the

---

[1] "The term "document" as used herein includes things and electronic data and has the same broad meaning as understood in the FRCP, but in all events shall include without limitation the original and any non-identical copy, regardless of origin or location of any writing or record of any type or description, including, but not limited to, the original and any non-identical copy of any of the following: draft, log, book, manual, book of procedure, pamphlet, periodical, letter, memorandum, telegram, email, text message, telecopy or telecopier facsimile (fax), report, record, study, handwritten or other note, working paper, business diary, Rolodex (or similar record of telephone numbers and/or addresses), calendar, engagement book, chart, paper, graph, index, tape, disc, data sheet or data

Defendant searched its *paper* files for responsive documents. It is uncontroverted, however, that the Defendant did not search its *electronic* files. [Doc. 28-8 at 12 (Michael B. Ingram); Doc. 28-9 at 7 (John Dodsworth); Doc. 28-10 at 7-8 (Jonathan Barletto); Doc. 28-11 at 6-7 (Francois Guillotin); Doc. 28-12 at 4-5 (Kim E. Rheingrover)].

In its opposition to Plaintiff's Motion to Compel, the Defendant argues that it did not search electronic files other than emails because the Plaintiff did not specify that electronic files should also be searched. [Doc. 11]. To the contrary, the Plaintiff *did* tell the Defendant specifically to search both "things and electronic data." Regardless, even if the Plaintiff had not so specified, "[i]t is by now well established that electronically stored information is subject to discovery." S.E.C. v. Collins & Aikman Corp., 256 F.R.D. 403, 417 (S.D.N.Y. 2009), accord, Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp., 280 F.R.D. 681, 685 (S.D. Fla. 2012), see generally, 2006

---

processing card, correspondence, table, analysis, schedule, diary, message (including but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including inter-office or intra-office communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, agreement, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, microfilm tape recording, brochure, any other data compilations from which information can be obtained and translated, if necessary, through electronic devices into reasonably usable form, or any other written, recorded, transcribed, punched, taped, filed, or graphic matter, however produced or reproduced." [Doc. 28-3 at 4-5].

5

Amendments to the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure permit a party to request, subject to the scope of Rule 26(b), "any designated documents or electronically stored information . . . ." Fed. R. Civ. P. 34.  "During discovery, the producing party has an obligation to search available systems for the information demanded."  Id. (quoting McPeek v. Ashcroft, 202 F.R.D. 31, 32 (D.D.C.2001)).

The Defendant next argues that the Plaintiff's Motion to Compel should not be granted because its search was reasonable and limited to areas where responsive documents would likely be found.  [Doc. 29 at 7-10].  This contention is puzzling, however, because it is uncontroverted that the aforementioned search conspicuously excluded electronic files even though that is where the majority of McDanel's files are kept.  [See Doc. 29-6 at 3 ("McDanel maintains few paper files . . . .")].

Subsequent to the filing of the Plaintiff's Motion, the previously-deposed Defendant employees each executed affidavits containing the identical statement, "I do not keep *paper* files that would be relevant to the above-captioned lawsuit or SELEE." [See Doc. 29-5 at 4 (Ingram); Doc. 29-6 at 4 (Fabiani); Doc. 29-7 at 2 (Rheingrover); Doc. 29-9 at 3 (Barletto); Doc. 29-12 at 1 (Dodsworth); Doc. 29-13 at 2 (Guillotin) (emphasis added)].  It is clear from the Plaintiff's motion, however, that *paper* files are not the issue.

6

Notably, no employee-affiant stated that he or she had searched his or her own *electronic* files, or that no responsive documents are kept electronically.

The Federal Rules of Civil Procedure impose a duty upon companies responding to discovery to "conduct a reasonable investigation, make reasonable inquiries of its employees, and fully respond" to interrogatories and document requests. 3M Innovative Props. Co. v. Tomar Elecs., Civil No. 05–756 (MJD/AJB), 2006 WL 2670038, at *10 (D. Minn. Sept. 18, 2006); accord Hickman v. Wal–Mart Stores, Inc., 152 F.R.D. 216, 223 (M.D. Fla. 1993) (affirming that a company has a duty to make a reasonable search of its business records and a reasonable inquiry of its employees and agents, in order to obtain the information sought in discovery). For all of the foregoing reasons, this Court finds that the Defendant has not fulfilled its duty with respect to the Plaintiff's discovery requests.

Accordingly, the Defendant shall be compelled to search all electronic data in the Defendant's possession, custody, or control, for all documents that refer or relate to the conception, selection, adoption and/or use of the term "engineered ceramics" in the United States, including all documents relating to the prior use of "engineered ceramics" in the United States by Defendant or any third party. The Defendant shall produce all responsive documents to the Plaintiff on or before September 9, 2016 at 9:00 am.

To the extent that the Plaintiff seeks to compel additional production, the Plaintiff has failed to meet its burden that those documents exist and are being unlawfully withheld. That Plaintiff "reasonably believed that a great deal of evidence . . . would come from McDanel's discovery responses," does not justify an Order to compel. The Court is not persuaded by Plaintiff's counsel's insistence that, in his experience, more documents are usually created in response to a cease and desist letter, nor is it swayed by the fact that McDanel only produced a single, one-page email. None of these bare assertions, without more, sufficiently demonstrate that responsive documents exist but are being unlawfully withheld. See Alexander, 194 F.R.D. at 311.

### B. Extension of Discovery Deadline

Plaintiff also moves this Court to extend the July 1, 2016 discovery deadline by an additional thirty (30) days. [Doc. 31]. For grounds, the Plaintiff alleges that it has served a subpoena on a third party believed to possess records relevant to this litigation, and that the third party has refused to comply with the subpoena because the discovery deadline has passed. [See Doc. 31].

The Court finds the following facts for the purposes of this motion. On June 7, 2016, the Plaintiff attempted to serve a subpoena *duces tecum* on a third party, CoorsTek, commanding it to respond no later than June 28, 2016. [Doc. 31-3]. That subpoena, which was issued out of the United States District Court for the District of Colorado, directed CoorsTek, a Golden, Colorado company, to produce records at Plaintiff's counsel's Greenville, South Carolina law office. [Doc. 31-3]. Plaintiff's subpoena to CoorsTek failed to set out the text of Federal Rule of Civil Procedure 45(d) and (e). [See Doc. 31-3].

On June 20, 2016, CoorsTek responded to Plaintiff, challenging the subpoena on technical and substantive grounds. [Doc. 31-5]. On June 23, the Plaintiff delivered to CoorsTek, via Federal Express, a second subpoena. [Doc. 31-10]. The second subpoena, which was issued from this Court, set forth the text of Rule 45(d) and (e), and it commanded CoorsTek produce documents at a location in Golden, Colorado, no later than July 6, 2016. [Doc. 31-6]. On July 1, 2016, the discovery period ended. On July 11, 2016, CoorsTek advised the Plaintiff that it would not comply with the subpoena because it was untimely pursuant to this Court's Pretrial Order. [Doc. 31-9].[2]

---

[2] CoorsTek also challenged Plaintiff's second subpoena on the grounds that delivery by Federal Express does not constitute service as contemplated by Rule 45. As noted most recently in Bland v. Fairfax Cty., Va., 275 F.R.D. 466, 468 (E.D. Va. 2011), circuits are

9

On July 12, the Plaintiff filed the instant Motion to Extend the Discovery Deadline for the limited purpose of allowing Plaintiff to enforce its subpoena against CoorsTek.

This Court's Pretial Scheduling Order, as amended, provides that:

> All discovery . . . shall be completed no later than July 1, 2016. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order from the Court for good cause shown.

[Doc. 15 at 4].

Here, the Plaintiff's first subpoena was served sufficiently in advance of the discovery deadline (June 7) to allow CoorsTek to respond prior to the discovery completion deadline (June 28). That subpoena, however, was invalid and unenforceable because 1) it was issued from the wrong Court, Fed. R. Civ. P. 45(a)(2); 2) it failed to set out the text of Rule 45(d) and (e), Fed. R. Civ. P. 45(a)(1)(A)(iv); and 3) it commanded production of documents at a location greater than 100 miles from CoorsTek's office, Fed. R. Civ. P. 45(c)(2)(A).

---

split regarding whether service of a subpoena by Federal Express is proper, and the Fourth Circuit has not addressed the issue. This Court need not confront that issue here, however, because even if service effectuated through Federal Express was proper, the second subpoena was still untimely.

10

Plaintiff's second subpoena conformed to Rule 45, but was untimely pursuant to this Court's Pretrial Order. Specifically, the subpoena, which was delivered one week before the July 1, 2016 discovery completion deadline, sought responses from CoorsTek on July 6, 2016, six days after that deadline. Therefore, pursuant to this Court's Pretrial Scheduling Order, Plaintiff's second subpoena on CoorsTek is unenforceable except by Order of this Court for good cause shown.

Modification of a deadline set forth in a case management order is governed by Rule 16(b)(4), which provides that a scheduling order can be modified only upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard focuses on the timeliness of the submission, the reasons for its tardiness, and the danger of prejudice to the non-moving party. Hawkins v. Leggett, 955 F. Supp. 2d 474, 498 (D. Md. 2013) *aff'd sub nom.*, In re Canarte, 558 F. App'x 327 (4th Cir. 2014). The primary consideration is the diligence of the moving party. Montgomery v. Anne Arundel Cty., Maryland, 182 F. App'x 156, 162 (4th Cir. 2006) (*per curiam*).

In support of its Motion, the Plaintiff urges the Court that it needs CoorsTek's records to investigate its suspicions of collusion, concealment and destruction of evidence by CoorsTek and the Defendant. [Doc. 31-1 at

6]. Despite articulating why it *wants* CoorsTek's records, however, the Plaintiff has not explained why good cause exists for this Court to allow Plaintiff to obtain them outside of the already-extended discovery period. This Court has previously noted that the Plaintiff in this case has been less than diligent. [Doc. 27]. Particularly, the Plaintiff waited nearly six months after the entry of the Pretrial Order and Case Management Plan before it propounded *any* written discovery. [Id. at 4]. As such, the predicament in which Plaintiff finds itself is of Plaintiff's own making. Moreover, in both the instant request for an extension and Plaintiff's earlier request for an extension, the Plaintiff waited until *after* the applicable deadline passed before seeking an extension. Such a delay hardly rings of diligence.

For all of these reasons, the Plaintiff's Motion to Extend the Discovery Deadline must be denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel [Doc. 28] is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Defendant shall, consistent with this opinion, search its electronic data and produce all responsive documents on or before September 9, 2016, at 9:00 am. In all other respects, Plaintiff's Motion to Compel is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Extend the Discovery Deadline for the Limited Purpose of Securing Compliance with a Third-Party Subpoena [Doc. 31] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 31, 2016

Martin Reidinger
United States District Judge