# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00129-MR

| | |
|---|---|
| **SELEE CORPORATION,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**McDANEL ADVANCED CERAMIC** )<br>**TECHNOLOGIES, LLC,** )<br>)<br>Defendant. )<br>_____ ) | **JUDGMENT** |

**THIS MATTER** came to for trial and was heard by the undersigned judge, and a jury was duly empaneled and has answered the issues presented as follows:

1. Is the Plaintiff's trademark invalid because the phrase "engineered ceramics" is generic?

   ANSWER: NO

2. Does the Defendant's use of the phrase "engineered ceramics" infringe the Plaintiff's trademark?

   ANSWER: YES

3.  Does the Defendant's use of the Plaintiff's trademark constitute descriptive fair use?

    ANSWER: NO

4.  Did the Plaintiff unreasonably delay in asserting its trademark rights to the prejudice of the Defendant?

    ANSWER: NO

5.  Did the Defendant's infringement of the Plaintiff's trademark occur in or affect commerce?

    ANSWER: NO

6.  Was the Defendant's trademark infringement a proximate cause of an injury to the Plaintiff?

    ANSWER: YES

7.  What amount of damages, if any, is the Plaintiff entitled to recover from the Defendant?

    ANSWER: $ 1.00

8.  Was the Defendant's trademark infringement willful?

    ANSWER: YES

Based on the foregoing facts as found by the jury, the Court concludes as a matter of law that the trademark infringement found by the jury in answer to special interrogatory 3 does not constitute unfair and deceptive trade practices and unfair competition within the prohibitions of N.C. Gen. Stat. §75-1.1, et seq.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff shall have and recover of the Defendant the sum of $1.00, along with prejudgment interest and costs.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendant and its officers, agents, servants, employees, affiliates, successors, and assigns, and any and all persons acting in concert or participation with them who receive actual notice of this Order (collectively "Defendant") are hereby enjoined and restrained as follows:

1) using the ENGINEERED CERAMICS® mark, or any mark confusingly similar to the ENGINEERED CERAMICS® mark, in Defendant's company name and in connection with the marketing, promotion, advertising, sale, or distribution of any product;

2) directly or indirectly engaging in false advertising or promotions of any product in connection with the ENGINEERED CERAMICS® mark;

3) using the terms ENGINEERED CERAMICS in any fashion as is likely to relate or connect Defendant with SELEE;

4) using the terms ENGINEERED CERAMICS in any fashion as is likely to confuse the public into associating the terms ENGINEERED CERAMICS with the ENGINEERED CERAMICS® mark;

5) using the terms ENGINEERED CERAMICS in any fashion as is likely to cause damage to the ENGINEERED CERAMICS® mark through genericization; and

6) making or inducing others to make any false, misleading, or deceptive statement of fact or representation of fact in connection with the promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation or distribution of any product by making false representations regarding Defendant's related products.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendant shall correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of any products advertised or sold by Defendant in connection with the ENGINEERED CERAMICS® mark, whether used as a trademark or as an attempted generic descriptor, including without limitation:

1) the sending of a registered letter (with a copy to Plaintiff) to all internet search engines, including but not limited to, Google, Bing, and Yahoo!, requesting that (i) any and all of Defendant's keyword advertising and sponsored advertisements containing the terms ENGINEERED CERAMICS be removed from its search engines, and (ii) any use of the terms ENGINEERED CERAMICS be removed or replaced with a non-infringing alternative, which may include but is not limited to CUSTOM CERAMICS, ADVANCED CERAMICS, or TECHNICAL CERAMICS; and

2) the placement of corrective advertising on Defendant's websites informing consumers of its prior infringing use of the mark ENGINEERED CERAMICS.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiff's claims arising for unfair competition and false advertising pursuant to N. C. Gen. Stat. § 75-1.1, *et seq.* are hereby **DISMISSED WITH PREJUDICE**; and the Plaintiffs shall recover nothing from the Defendants in the form of damages on these claims.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all counterclaims asserted by the Defendant are **DISMISSED WITH PREJUDICE**, and the Defendant shall recover nothing from the Plaintiff in the form of damages.

The Court retains jurisdiction of this matter for the purpose of addressing any post-judgment motions that may be filed by the parties.

**IT IS SO ORDERED.**

Signed: November 23, 2016

Martin Reidinger
United States District Judge