THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00129-MR

| | |
|---|---|
| SELEE CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>McDANEL ADVANCED CERAMIC )<br>TECHNOLOGIES, LLC, )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motions to File Documents under Seal [Docs. 93, 96]; the Defendant's Motion to Bifurcate [Doc. 109]; the Plaintiff's Motion for Entry of Confidentiality Order [Doc. 111]; and the Defendant's Motion for Extension of Time [Doc. 114].

In its Motions to File Documents under Seal, the Plaintiff moves for leave to file under seal certain billing records and invoices related to the Plaintiff's requests for an award of attorneys' fees, both under the Lanham Act and as a discovery sanction. The Plaintiff seeks to file these records and invoices *ex parte*. [Docs. 93, 96].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and

records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Through the affidavits of its attorneys, which are not sealed, the Plaintiff has presented evidence of the hourly rates claimed and the number of hours reasonably expended by its attorneys in prosecuting the action. The

2

Plaintiff supports these affidavits with the filing of billing records and invoices detailing the specific tasks performed. The Plaintiff has demonstrated that these billing records and invoices contain privileged information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. The Fourth Circuit has recognized that attorney time records can contain privileged information. See Chaudry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir. 1999) (quoting Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992) (noting that time records can "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law")). As a matter of fundamental fairness, however, the Defendant must be allowed an opportunity to review these records and make any objections to the reasonableness of the claimed fees. See Nationwide Payment Sols., LLC v. Plunkett, 831 F. Supp. 2d 337, 338-39 (D. Me. 2011) ("to the extent that a fee-invoice claimant wishes a court to review an unredacted version of its attorneys' billing invoices for the purpose of judging the reasonableness of its fee request, it must, as a matter of fundamental fairness, permit its opponent to review the unredacted version and be heard as to the reasonableness of the fee request with the benefit of that full and unfettered

review"); Equitable Prod. Co. v. Elk Run Coal Co., No. 2:08-cv-00076, 2008 WL 5263735, at *6 (S.D.W.Va. Oct. 3, 2008) ("Simply put, a party may not attempt to recover damages for a particular type of loss and then refuse to produce the evidence of that alleged loss for thorough examination and testing by the opposing party."). Accordingly, while the Court will permit the subject documents to be filed under seal, such documents must be available to Defendant's counsel for review.

The Court finds that the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motions. The Plaintiff filed the present motions on November 22, 2016, and they have been accessible to the public through the Court's electronic case filing system since that time. Finally, having considered less drastic alternatives to sealing the time records, the Court concludes that the permanent sealing of these documents is narrowly tailored to serve the interest of protecting the confidentiality of the information contained therein.

For all of these reasons, the Plaintiff's motions to seal are granted in part. To the extent that the Plaintiff seeks to file the sealed documents *ex parte*, such motions are denied. In light of the Court's order granting the Defendant access to the sealed documents, the Plaintiff's motion for the entry of a "confidentiality order" [Doc. 111] is moot.

The Defendant seeks a period of fourteen (14) days to supplement its response to the Plaintiff's motions for attorneys' fees and costs once the Plaintiff's billing records and invoices are made available to the Defendant. [Doc. 114]. For cause shown, the Defendant's motion for extension of time will be granted. The Defendant's motion to bifurcate [Doc. 109] the determination of the amount of the reasonable fees and costs to be awarded, however, is denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motions to File Documents under Seal [Docs. 93, 96] are **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motions [Docs. 93, 96] are **GRANTED** to the extent that the Plaintiff's exhibits in support of its request for fees [Docs. 95, 98] shall be filed under seal and shall remain under seal until further order of this Court. The Motions [Docs. 93, 96] are **DENIED** to the extent that the Plaintiff seeks to file such documents *ex parte*;

(2) Defendant's Motion to Bifurcate [Doc. 109] is **DENIED**;

(3) Plaintiff's Motion for Entry of Confidentiality Order [Doc. 111] is **DENIED AS MOOT**; and

(4) Defendant's Motion for Extension of Time [Doc. 114] is **GRANTED**. The Defendant shall have fourteen (14) days from the date that

the sealed billing records and invoices are made available to the Defendant to supplement its response to the Plaintiff's motions for award of fees and costs. Any supplemental brief filed shall not exceed ten (10) pages and shall be double-spaced and in 14 point font.

The Clerk of Court is respectfully directed to modify the sealed restrictions on Documents 95 and 98 so that such documents may be accessed by Defendant's counsel.

**IT IS SO ORDERED.**

Signed: December 15, 2016

Martin Reidinger
United States District Judge